1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   KEITH ROLAND,                         No.  2:14-cv-0739 KJM KJN P

12            Plaintiff,

13        v.                               ORDER

14   K. OSMAN, et al.,

15            Defendants.

16

17        Plaintiff is a state prisoner proceeding without counsel.  By order filed May 20, 2014,

18   plaintiff was granted an extension of time in which to file a complaint and an application to

19   proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

20        Plaintiff filed a number of motions:

21        June 2, 2014 - motion for return of his legal property to aid in filing his request to proceed

22   in forma pauperis;

23        June 5, 2014 - motion for appointment of counsel;

24        June 6, 2014 - notice of change of address and notice of lost legal property;

25        June 18, 2014 - motion to proceed in forma pauperis, and a notice regarding his inmate

26   request for interview concerning his lost legal property; and

27        June 24, 2014 - second motion for appointment of counsel, a civil rights complaint, and a

28   letter in support of his complaint.

1    Plaintiff's legal property has been returned, and plaintiff has filed his request to proceed in

2    forma pauperis and complaint; therefore, plaintiff's motion for return of his legal property to aid

3    in filing his request to proceed in forma pauperis is moot.

4    Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C.

5    § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

6    Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C.

7    §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in

8    accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

9    the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

10   forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to make monthly

11   payments of twenty percent of the preceding month's income credited to plaintiff's trust account.

12   These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

13   the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.

14   § 1915(b)(2).

15   The court is required to screen complaints brought by prisoners seeking relief against a

16   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

17   court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

18   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

19   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

20   A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

21   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

22   Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an

23   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

24   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

25   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

26   Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.

27   2000) ("a judge may dismiss [in forma pauperis] claims which are based on indisputably

28   meritless legal theories or whose factual contentions are clearly baseless.").

2

1    Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

2    statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

3    defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic

4    Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

5    In order to survive dismissal for failure to state a claim, a complaint must contain more than "a

6    formulaic recitation of the elements of a cause of action;" it must contain factual allegations

7    sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555.

8    However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the

9    defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v.

10   Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal

11   quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as

12   true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the

13   pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236

14   (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

15       In his initial filing, plaintiff recounts his myriad health issues, including diabetes.  (ECF

16   No. 1 at 3.)  On April 25, 2013, plaintiff claims that while he was housed at California Medical

17   Facility ("CMF"), he passed out due to his diabetes, and was left on the floor untreated.  Plaintiff

18   was then put on a gurney and taken to his cell even though he was unconscious.  An hour later,

19   they came back and plaintiff was still unconscious.  Plaintiff was given a shot to revive him, and

20   while he was "coming to," he was thrashing his hands and feet, and his foot hit a nurse.  (Id.)

21   Plaintiff was issued an "assault on staff" rules violation report.  (ECF No. 1 at 3.)  Plaintiff alleges

22   that Dr. Osman left plaintiff on the floor untreated, and sent plaintiff back to his cell by gurney,

23   unconscious.  Plaintiff has spent 26 years in prison, and claims that if he doesn't win this lawsuit,

24   he will spend the rest of his life in prison.  (ECF No. 1 at 4.)

25       On June 24, 2014, plaintiff filed a complaint in which he names four individuals as

26   defendants and two Jane Doe defendants.  (ECF No. 13.)  Plaintiff claims his Eighth Amendment

27   rights were violated when defendant Dr. Osman left plaintiff on the floor untreated, and then sent

28   plaintiff back to his cell on a gurney, even though plaintiff was unconscious.  Plaintiff alleges that

3

1    defendant Naidoo, a nurse, lied about what transpired that day, engaging in a "cover up."  (ECF

2    No. 13 at 3.)  Plaintiff contends that defendant Valenzuela falsified her statement that plaintiff

3    kicked her.  Plaintiff alleges that defendant Cuellar was the custody escort who lied about what

4    happened, causing plaintiff to be found guilty of assault on staff.  Plaintiff alleges that Jane Doe 1

5    was the hearing officer, who allegedly changed Dr. Osman's statement to find plaintiff guilty.

6    Plaintiff contends that Jane Doe 2 lied about plaintiff not being unconscious.  As relief, plaintiff

7    asks the court to find defendants guilty of the alleged cover up, dismiss the rules violation report,

8    and award him monetary damages.

9         1.  Challenge to Rules Violation Report

10        Plaintiff's central allegation appears to be a fraudulent disciplinary process.  In Edwards v.

11   Balisok, 520 U.S. 641, 644 (1997), the United States Supreme Court applied the doctrine

12   articulated in Heck v. Humphrey, 512 U.S. 477, 487 (1994), to prison disciplinary hearings.  In

13   Heck, the Court held that a state prisoner's claim for damages for unconstitutional conviction or

14   imprisonment is not cognizable under 42 U.S.C. § 1983 if a judgment in favor of plaintiff would

15   necessarily imply the invalidity of his conviction or sentence, unless the prisoner can demonstrate

16   that the conviction or sentence has previously been invalidated.  Heck, 512 U.S. at 487.  In

17   applying the principle to the facts of Balisok, the Court held that a claim challenging the

18   procedures used in a prison disciplinary hearing, even if such a claim seeks money damages and

19   no injunctive relief, is not cognizable under § 1983 if the nature of the inmate's allegations are

20   such that, if proven, would necessarily imply the invalidity of the result of the prison disciplinary

21   hearing.  Balisok, 520 U.S. at 646.  Because such a challenge, if successful, would invalidate the

22   duration of the inmate's confinement, it is properly brought as a habeas corpus petition and not

23   under § 1983.  Heck, 512 U.S. at 487; Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).

24        Although the specific facts of Balisok involved allegations of deceit and bias on the part

25   of a hearing officer, the Court's reasoning applies to any claim which, if proven, would have the

26   effect of invalidating the result of a disciplinary hearing.  The Ninth Circuit has applied the

27   Balisok rule to a case in which a prisoner sought damages based on allegations that prison

28   officials relied on false information to find him ineligible for parole.  Butterfield v. Bail, 120 F.3d

4

1023 (9th Cir. 1997).  Because the claim necessarily implied the invalidity of the prisoner's continued confinement, the claim could not accrue until the conviction or sentence had been invalidated.  Id.

Here, plaintiff's core factual allegations are that he was convicted based upon charges that were false.  Plaintiff states he was found guilty of assault on staff because he kicked defendant Valenzuela.  It appears from plaintiff's initial filing that plaintiff contends that his foot hit her while he was thrashing about in response to coming back into consciousness.  To the extent plaintiff disputes that he "kicked" defendant Valenzula, judgment in his favor would necessarily implicate the validity of the guilty finding in the rules violation report.  Because plaintiff's claim necessarily implies the invalidity of his continued confinement as a result of the disciplinary hearing, his claim will not accrue until the conviction or sentence has been invalidated.  In other words, plaintiff cannot challenge the rules violation report in a civil rights action unless and until the prison disciplinary has been invalidated through a petition for writ of habeas corpus.

    2.  Eighth Amendment Medical Claim

It is unclear whether plaintiff can allege facts demonstrating a violation of his Eighth Amendment rights based on a delay in medical care.

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show deliberate indifference to serious medical needs."  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006), quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976).  This standard requires plaintiff to show (1) "a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) "the defendant's response to the need was deliberately indifferent."  Jett, 439 F.3d at 1096, quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997).  To prevail on a claim for deliberate indifference to serious medical needs, a prisoner must demonstrate that a prison official "kn[ew] of and disregard[ed] an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  Farmer v. Brennan, 511 U.S. 825, 837

1 │ (1994).

2 │       Where delay is alleged, the prisoner must also demonstrate that the delay led to further

3 │ injury.  McGuckin, 974 F.2d at 1060; Jett, 439 F.3d at 1096.  The delay only rises to a

4 │ constitutional violation if it caused the prisoner "substantial harm."  Wood v. Housewright, 900

5 │ F.2d 1332, 1335 (9th Cir. 1990).

6 │       Here, plaintiff alleges that his medical treatment was delayed by about an hour.  Delays in

7 │ providing medical care may show deliberate indifference.  See Estelle v. Gamble, 429 U.S. 97,

8 │ 104-05 (1976).  However, plaintiff alleges no facts demonstrating that he was harmed by the

9 │ delay, and if so, how he was harmed.  See Hallett v. Morgan, 296 F.3d 732, 745-46 (9th Cir.

10 │ 2002) (delay in providing care does not constitute deliberate indifference unless inmate suffers

11 │ significant harm as a result of the delay); Jett, 439 F.3d at 1096 (record included evidence,

12 │ including doctor's notes, radiology summaries and the like, indicating that failure to timely set

13 │ and cast fractured thumb resulted in deformity); Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir.

14 │ 1994) (to establish deliberate indifference based on a delay in medical treatment, plaintiff must

15 │ show the delay itself caused harm); Velasquez v. Barrios, 2012 WL 2060660 at *1 (9th Cir. 2012)

16 │ ("[W]hen, as here, a claim is based on a delay in treatment, such a delay only rises to a

17 │ constitutional violation if it caused the prisoner 'substantial harm .'")[1] (quoting Wood, 900 F.2d

18 │ at 1335).  Absent facts demonstrating that plaintiff suffered substantial harm from the delay,

19 │ plaintiff should not renew his Eighth Amendment claim.

20 │       In an abundance of caution, plaintiff is granted leave to file an amended complaint.

21 │ If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about

22 │ which he complains resulted in a deprivation of plaintiff's constitutional rights.  Rizzo v. Goode,

23 │ 423 U.S. 362, 371 (1976).  Also, the complaint must allege in specific terms how each named

24 │ defendant is involved.  Id.  There can be no liability under 42 U.S.C. § 1983 unless there is some

25 │ affirmative link or connection between a defendant's actions and the claimed deprivation.  Id.;

26 │ May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th

27 │

28 │ [1]  Citation to this unpublished decision is appropriate pursuant to Ninth Circuit Rule 36-3(b).

1  Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights

2  violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

3         In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to

4  make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

5  complaint be complete in itself without reference to any prior pleading.  This requirement exists

6  because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.

7  Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

8  pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

9  original complaint, each claim and the involvement of each defendant must be sufficiently

10  alleged.

11         Finally, plaintiff requests that the court appoint counsel.  District courts lack authority to

12  require counsel to represent indigent prisoners in section 1983 cases.  Mallard v. United States

13  Dist. Court, 490 U.S. 296, 298 (1989).  In exceptional circumstances, the court may request an

14  attorney to voluntarily to represent such a plaintiff.  See 28 U.S.C. § 1915(e)(1).  Terrell v.

15  Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36

16  (9th Cir. 1990).  When determining whether "exceptional circumstances" exist, the court must

17  consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to

18  articulate his claims pro se in light of the complexity of the legal issues involved.  Palmer v.

19  Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to

20  appoint counsel).  The burden of demonstrating exceptional circumstances is on the plaintiff.  Id.

21  Circumstances common to most prisoners, such as lack of legal education and limited law library

22  access, do not establish exceptional circumstances that warrant a request for voluntary assistance

23  of counsel.

24         Having considered the factors under Palmer, and in light of this order, the court finds that

25  plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the

26  appointment of counsel at this time.

27  ////

28  ////

7

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion (ECF No. 7) is denied as moot.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

a. The completed Notice of Amendment; and

b. An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint." Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

5. Plaintiff's motions for the appointment of counsel (ECF No. 8, 15) are denied without prejudice.

Dated: July 24, 2014

rola0739.14

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

8

1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   KEITH ROLAND,                          No.  2:14-cv-0739 KJM KJN P

12                 Plaintiff,

13        v.                                 NOTICE OF AMENDMENT

14   K. OSMAN, et al.,

15                 Defendants.

16

17        Plaintiff hereby submits the following document in compliance with the court's order

18   filed_____.

19              _____      Amended Complaint

20   DATED:

21

22                                    _____
                                      Plaintiff

23

24

25

26

27

28

1